ANDREW L. ANDERSON, APPELLEE, V. JOE SVEHLA ET AL., APPELLANTS.

FILED APRIL 6, 1934. No. 28799.

C. A. Magaw, George C. Holdrege, Thomas F. Hamer and Thomas W. Bockes, for appellants.

W. W. Slabaugh and George Evens, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

GOOD, J.

This is a personal injury action in which plaintiff had judgment, and defendants have appealed.

Plaintiff alleged that, while employed by defendant railway company, he was ordered by his foreman, defendant Svehla, to assist his fellow employees in lifting a heavy freight car bolster under a freight car, then being repaired in the yards of the defendant railway company; that, while lifting one end of said bolster, defendant Svehla and other employees carelessly, negligently and without notice or warning caused the steel bolster, one end of which plaintiff was lifting, to suddenly and violently fall, thereby greatly increasing the weight which plaintiff was lifting, and to such an extent that it suddenly and violently crushed, wrenched, twisted and bore down on the body of plaintiff, thereby injuring him.

The specific acts of negligence were alleged as follows: That the foreman and other employees of defendant railway company neglected to have the bolster properly sup-

ported so that it would not drop, slip and jerk, and injure the plaintiff; that they were careless and negligent in that they ordered and directed the plaintiff to work and lift on said bolster while it was improperly braced, supported and fastened, so that it could not slip, fall, jerk and injure the plaintiff; that they were careless and negligent in that they supplied insufficient help for the plaintiff in raising the aforesaid bolster; that they were careless and negligent in that they provided incompetent help for the plaintiff in raising and hoisting said bolster; that they were negligent in failing to give plaintiff any notice or warning of the danger of its slipping or falling while plaintiff was performing his work, as ordered by the foreman.

. Defendants answered jointly, denying any knowledge that plaintiff had ever been injured as claimed by him; admitted his employment, and alleged that plaintiff assumed the risks of any injury in the work which he was performing.

Plaintiff testified that he had been in the employ of defendant railway company for a period of nearly seven years, working as a car carpenter in repairing freight cars, and that he worked in what was ordinarily termed the "wood gang;" that there was another gang of workmen known as the "steel gang," which installed steel bolsters in cars requiring such repairs; that on an average of four or five times a year, during his employment, he had been called to assist in placing a steel bolster under a car which was being repaired; that he was familiar with the way such work was done; that, in the present case, when he was called to assist, the bolster had been lifted up and placed upon a jack, being 30 or 32 inches above the rails of the railroad track; that, while fitting the bolster to its place, it was necessary that each end thereof should be fitted into a pocket or slot on the underside of the side sills of the box car; that he, alone, had hold of one end of the bolster, while other workmen at the other end were endeavoring to place their end into the pocket or slot;

that the jack under the bolster was near its center; that when the end on which the others were working went into the pocket or slot, that end would be raised up from four and one-half inches to six inches, and that the end on which he was working would be correspondingly lowered to the same extent; that, in performing this work, he was standing nearly upright, with his head resting against the side of the box car, lifting his end of the bolster, and that when his end went down from four and one-half to six inches plaintiff was injured, in that his fifth cervical vertebra was fractured on the inner or front side, and his spine was otherwise injured; that his injuries were serious and permanent.

From a careful examination of all the evidence, we fail to find any evidence tending to show that the bolster was not properly supported and braced, or any evidence that it slipped or fell, except the end slipping into the pocket, where it was designed to go; nor do we find any evidence that it was improperly braced or improperly supported; nor is there any evidence that more help was required at the end where plaintiff was working; nor is there any evidence that any of the workers employed were incompetent. Plaintiff was familiar with the work being done, and knew that one end of the bolster was to be adjusted so as to slip in or fit into the pocket; that that end would rise to the extent of the depth of the pocket, and the end which he was holding would be lowered to the same extent. The evidence shows nothing occurred that was not ordinarily anticipated. There is no evidence which would sustain the finding of any actionable negligence on the part of defendants, or either of them.

Whatever dangers there were attendant on the work which plaintiff was called upon to perform were obvious and known to him. In the absence of negligence, a servant assumes the risks of injury incident to his employment, where the risks are obvious and known to him.

There are other errors assigned, but, in view of the conclusion reached, it is unnecessary to discuss them.

It necessarily follows that the judgment of the district court must be and is reversed, and the cause remanded.

REVERSED.

BEGLEY, District Judge, having died on March 4, 1934, did not participate in the adoption of this opinion.